Good morning. May it please the court. My name is Patrick Peluso and I represent Gloria Mitchell. With the court's permission, I'd like to reserve two minutes for rebuttal. You'll have to keep track of your time, but you're welcome to try to save it. Understood, Your Honor. Your Honor, in violation of the Fair Credit Reporting Act, Winco procures consumer reports about job applicants and employees without first providing a clear and conspicuous standalone disclosure as required by the statute. Now, the question today is whether the district court was correct in ruling that Winco's disclosure violates the statute and then whether that violation was willful. As this court's three recent opinions in Said, Gilbert, and Walker make clear, Winco violated the standalone disclosure requirement and it did so willfully. First, turning to the first point, Winco's form plainly violates the FCRA as the lower court found below. Would you mind if I asked you about the willful issue first? Absolutely, Your Honor. Both Said, I'm just trying to figure this out, both Said and Safeco reference, and Walker I think as well, reference a qualified immunity standard. So when we're considering willfulness, are we looking only at the cases that were We issued it back in 2015 and all of our cases, Said, Gilbert, Walker, were subsequent to that. Yes, Your Honor. You know, I think the Ninth Circuit in Said actually took this on head on and said that lack of judicial guidance does not immunize a company for violating an unambiguous statutory provision. So naturally, the Ninth Circuit's Said opinion wasn't around when the defendant in Said drafted its form, but this court still found willfulness. And the reason is that solely means solely. The statute is crystal clear, unambiguous, not open to multiple interpretations. So what confuses me is I thought Said and Gilbert were pretty clear. Solely means solely. We don't want liability waivers. We don't want other states. But then Walker said, well, actually, you can include quite a bit of information about as long as it relates in some fashion to what a consumer report entails, how it will be obtained, and for which type of employment purposes. And it approved a disclosure that it appears that the disclosure requirement doesn't really mean solely because you can have quite a bit of information in it. So why isn't it reasonable for an employer before any of these decisions came out to think, well, we can include helpful information in our disclosure form? Yes, Your Honor. So a few points there. I don't think that the Walker case is in any way inconsistent with Gilbert and Said. What the Walker court did was make the slight distinction that an investigative report is simply a subcategory of a consumer report. And therefore, so long as you include a limited, very brief description of the investigative report, you're not overwhelming the required standalone consumer report disclosure. Now Walker distinguishable, the extraneous information there was extremely extensive. It was like two paragraphs. And it talked about a third party. I mean, it really wasn't germane. And here there's basically a single sentence that deals with the individual's relationship to this company. It doesn't sort of in Walker's terms, pull the attention away to something completely irrelevant. So why isn't it permissible? Why is it a violation at all? Well, Your Honor, technically it's correct that it's one sentence, but it's a run on sentence. I mean, this extensive details about the nature and scope of the investigative consumer report takes up over half the entire court. I've seen a lot longer sentences. It takes up about two and a half lines of 14 point text. Um, basically it says you can get, you can ask for a copy of your report by talking to us in writing. That's all it really says. Well, Your Honor, so that sort of that, I guess, let me, let me pivot. I don't want to get too bogged down in the investigative piece here. I mean, we certainly contend that, you know, the Walker if there's not a violation, it can't be a willful violation. Yes, Your Honor. And what I'm district court found the conflating the investigative report with the consumer report and what Winco has here goes far beyond the very brief allowance that Walker made. But even if Your Honor's Walker Walker did in your main argument, which is that you can't include the two kinds of to be very brief. And our contention is it's not very brief, but even if Your Honor's disagree with that point, the form violates the FCRA in other ways. I mean, we point that the fifth paragraph in the Walker disclosure that the ninth circuit found violated the FCRA, uh, is essentially verbatim the last sentence of the Winco form. So even if Your Honor's, that's what I was that's why I was asking you about it. It's so that relates specifically to this company. It's not about a third party, which was the case in Walker. Well, so it may not be about a third company, but the last paragraph for Fred Meyer says, if GIS obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the made within a reasonable time after receipt of this notice to request disclosure of the nature and scope of any investigative consumer report from the company. That sentence in Walker was not the only sentence. There was a whole paragraph that came before it that made it a long, complex item about somebody else. And so just taking one sentence from it seems to me at least to be out of context. So, I mean, the court certainly found that the fourth and the fifth paragraphs violated it. And my point is simply that that fifth paragraph, which was just one sentence in Walker tracks almost identically with the last sentence of the disclosure at issue here. So we think the form violates it for multiple reasons. One, it combines the consumer report with the that the Ninth Circuit allowed in Walker. Even if you put that aside, the last sentence of this disclosure matches almost identically with the last sentence in Fred Meyer, which the Ninth Circuit found violated. And we also contend that the report is not clear and conspicuous. It may be conspicuous, but it's not clear. It improperly conflates consumer report with investigative consumer report, goes back and forth to the point that the consumer doesn't know what's being said. Even helpful information, information that's supposed to be helpful, is just as likely to confuse as it is to inform. That's why Congress enacted this law. It's very straightforward and clear. Solely means solely. You're not supposed to cram all this other surplusage in there. By doing so, Winco ran an unjustifiably high risk of violating the statute, and that's a willful violation. Your Honors, I see that I'm under a minute. Three quarters of a minute, if you want to save your time. I would like to, Your Honor. Thank you. Thank you. We'll hear next from Mr. Ross Kelly. Good morning. May it please the court. My name is Rick Ross Kelly. I'm counsel for Cross Appellant Winco Foods, LLC. Let me make one thing clear that I think was discussed, but Mr. Peluso, I think complicated the matter. That is, the court just a few seconds ago, that Walker foreclosed the main argument that Mr. Peluso was making today. That is, the district court had specifically found that under Syed and Gilbert, Winco had violated the standalone disclosure requirement by combining the consumer report and the investigative consumer report. Walker stands for the proposition that you can't So that argument is off the table. What Mr. Peluso is now arguing, what they shifted the argument to in their third brief, was arguing that the third paragraph of the Winco disclosure and the last sentence of the Winco disclosure contained extraneous information. We can contend that a careful review of the 2015 disclosure by Winco to Mitchell actually complies entirely with the holding in Walker. What Walker said was, okay, you can combine the two disclosures. You can combine an investigative report disclosure and a consumer report disclosure because they're one in the same. They're just subsets of each other. And you can include a concise explanation of the phrase, a consumer report may be obtained for employment purposes. And then they went on to give some examples of some concise type of language you can use. It said, for example, you can determine... Can you explain, if I could interrupt, can you explain how that last sentence, which opposing counsel says is similar to what was disapproved in Walker, describes what a consumer report entails, how it will be obtained, and for which type of employment purposes it may be used, which were the examples in Walker as to what was permitted, given that the last sentence says you have a right to request disclosure from the company. So explain how it fits into those examples in your view. Very, very good. That's an excellent question. And I have two responses. Number one, the list in Walker is not an exclusive list. It's an example of things that can be included. So it begs the question that there is potentially additional information that can be included as long as it aids in the understanding of the disclosure. So you don't think solely means solely, as we said in the science? No, no. Is there any limiting principle to that? Is there any limiting principle to your statement that Walker's examples are not exclusive? It has to aid in the understanding of the disclosure itself. And my argument is this. Aid in the disclosure. Your test would be, does it aid in the disclosure? So that could be almost anything. Is that right? It has to aid in the disclosure. So in this particular case, in comparing the Walker disclosure to the Winko disclosure, you had Walker validated the fourth and fifth paragraphs, the fifth paragraph being the single sentence that Mr. Peluso quoted. But those paragraphs have to be read in tandem because they're part and parcel of the same information. They're talking about GSI and the information that Walker can get from GSI and how it's obtained and what type of proof he has to show his identification, that he can inspect GSI's files by mail, by person, by phone. All that has to be read together with the last sentence. And that's how, why the court invalidated the two, because it found that there was no overshadowing. Now, when you're focusing on GSI and talking about all these different ways, you can review the files and look at the information, who can do it, where you can do it, what information is going to be provided. Now you're overshadowing the disclosure. In our case, we don't do that. We have that aid in the disclosure because it explains how a consumer could get a copy of it. So does that aid in the disclosure or explaining how a consumer can get a copy of their report does or does not aid in the disclosure? I think the Walker court went beyond that and said, it's going beyond aiding in the disclosure. It's going beyond saying you can get it. You can have a disclosure. And let me add here one important fact. If the consumer could get the disclosure, a copy of the report from a third party or from the company, would that change how it aided in the disclosure? I think it makes a difference because here, the focus is upon, in WNCO, the focus is upon, WNCO is trying to get this information and you can, you can get it from us. If you, if you ask us for this, a different additional disclosure in Walker, it's, it's a, it's all sudden shifting the focus from the employer, from Fred Meyer to GSI, a third entity. So is your aid in the disclosure, there's a shift in focus exception and how do we discern what's a shift in focus? Well, let me add one important part of this specific disclosure information in the last sentence of the WNCO disclosure is actually a concise sentence, notifying the applicant of her rights to request additional disclosures under 15 U.S.C. 1681E. This is a required disclosure required by the statute itself. But not on the, not on the solely disclosing the, that a consumer report may be obtained. I mean, the SIAD was pretty clear about that, even if it was helpful, even if it was a statutory right. Well, SIAD, of course, as you are very well aware, what it was talking about invalidated the combining of state information disclosures and the federal disclosure information. Gilbert was, I may confuse the two, but one of them dealt with that. The other one dealt with the combining of the waiver, liability waiver. So you're taking extraneous information outside the FCRA and combining them together in both instances. In this instance, we're not going outside the FCRA. The rule is, if it's within the statute, FCRA, anything that's in the statute could be put into the disclosure. Anything regarding the disclosure of information and the right to receive information, I think would be. The right to receive is different, right? The right to obtain is different than disclosing that the company is obtaining a consumer report, which is what the statute says. I'm just trying to figure out what you think are, are the alignments of this rule, because we have cases that are all over the place and we have to figure out some sort of rule that will put an employer, that will give an employer an understanding of what they can and cannot put in the disclosure form. So I'm trying to figure out what that clear rule should be. I understand. And I think we have to go back to the language in Walker. And there are two things. Number one, it can't overshadow the disclosure itself. It has to be a brief explanation that aids the applicant or employee in this particular case in understanding the nature of the disclosure. And that I would submit is exactly what the last sentence of the Winckel disclosure does, is it says you can obtain additional information by it doesn't go into any more detail than that. And that aids the employee in knowing, okay, it number one, it doesn't overshadow the disclosure of information or the fact that the information is being sought for employment purposes. Number two, it simply says you can get obtain additional information if you want by contacting us. And that's basically it. So is your view of the overshadow rule is how many words there are. So if it's a short sentence, it's okay. But if it's several sentences, it's not okay. I think it's one of these cases. Justice Stewart used to say, you'll know when you see it. Okay. No, you're not suggesting any rule. It's just a case-by-case basis in every case. I think it would be too difficult to end up saying that you can do 10 words or five words, because I think it's really the impact that the sentence has if it actually distracts from the privacy rights versus. Oh, as long as it says any words as Winko used, it's a good rule. Well, that's probably a rule that I would adopt. Okay. I think I have the argument, but. Okay. You know what, I was going to ask a question and I think you may have just touched on it. So as I understand it, the cyanide case said that if the disclosure pulls the applicant's attention away from his privacy rights protected by the FCRA by calling his attention to the rights to inspect the files, then it may be a violation. So you're saying that this last sentence in the disclosure does not, in fact, pull the applicant's attention away from her privacy rights. That is correct. And that's pull attention away. I mean, how do we discern that? Are you invoking Justice Stewart? It's just case-by-case basis. Yes. I think we can't make a hard and fast rule as to the number of words, but it has to be the overall feeling of the disclosure and what the court would say and the average individual would interpret from reading it. Does it keep their focus on the fact that they're disclosing that there's going to be a disclosure here and they have rights, or is it taking away from that by focusing on some other issue? I have to apologize. For some reason, I can't see the clock, so I don't know if I'm going over time or not. You have exceeded your time. We've asked a lot of questions. You may have a sentence or so to wrap up. Simply in wrapping up, I would say it's our position that not only does the disclosure in question meet the Walker Standard, but even if it didn't, it certainly wouldn't be a willful violation because this was a 2015 disclosure. All of the litigation related to the standalone disclosure requirement in the Ninth Circuit has happened in 2017 and subsequent. That alone is an indication, based upon the number of cases filed and the issue regarding the standalone disclosure requirement, that it's not clear, it's not unambiguous, and therefore, it cannot be a willful violation. Thank you for your time. Thank you. Thank you, counsel. Mr. Peluso, you have a little bit of rebuttal time remaining. Yes, your honors. I'm going to try to get through a few points very quickly. First, Mr. Ross Kelly tries to distinguish the violative sentence in Fred Meyer to the last sentence of this disclosure by pointing out that Fred Meyer dealt with a third party, and this one just references WinCo. Earlier in the WinCo disclosure, it makes clear that a third party, talent-wise, is going to be the one that's procuring the report. This final point, this theory that the test really doesn't aid the consumer in reviewing the disclosure, Gilbert says no. Gilbert said that even helpful information can confuse consumers. Purpose doesn't override plain meaning, and all this distracts from the point of the statute, which is simply to let people know a consumer report will be procured, period. Thank you, counsel. I'm out of time. Thank you very much. The case just already submitted, and we appreciate the helpful arguments from both counsel.
judges: Graber, Ikuta, Benitez